**YAN LIN, Petitioner**

v.

**ATTORNEY GENERAL OF the UNITED STATES, Respondent.**

**No. 05–3313.**

United States Court of Appeals, Third Circuit.

Submitted Pursuant to Third Circuit LAR 34.1(a) Sept. 11, 2006.

Filed: Sept. 25, 2006.

Aleksander B. Milch, Christophe & Associates, P.C., New York, NY, for Petitioner.

Susan K. Houser, Richard M. Evans, United States Department of Justice, Washington, DC, for Respondent.

Before: SCIRICA, Chief Judge, SLOVITER and BARRY, Circuit Judges.

## OPINION OF THE COURT

SCIRICA, Chief Judge.

Yan Lin seeks review of the Board of Immigration Appeals' final order affirming the decision of the Immigration Judge to deny her application for political asylum, withholding of removal, and relief under Article 3 of the United Nations Convention Against Torture. We have jurisdiction to review the Board's order under 8 U.S.C. § 1252. We will deny the petition for review and affirm the Board's order.

### I.

Yan Lin is a native and citizen of the People's Republic of China. She was born on November 25, 1978 in China. Lin contends she seeks political asylum in the United States because the Chinese government forced her to have an abortion, she practiced Falun Gong in China, and she will face future persecution due to her illegal flight from China.

Lin illegally entered the United States on October 10, 2003 using fraudulent trav-

el documents. A deportation officer interviewed Lin in Mandarin, her native language, under oath upon her arrival at Los Angeles International Airport. During that interview, Lin stated she had come to the United States to work. In a second deportation interview on October 22, 2001, Lin contended she sought protection because she had practiced Falun Gong in China.

On December 5, 2003, Lin filed a petition for asylum and withholding of removal. In the petition, Lin contended Chinese officials had forced her to have an abortion in May 2001 because she had become pregnant out of wedlock and in violation of China's family planning policy. Furthermore, in the petition Lin stated she had practiced Falun Gong starting in May 2001 at an aunt's house and Chinese officials had subsequently arrested, detained, and tortured her aunt for her practice. Lin expressed fear she would be detained and tortured if deported to China because of her illegal exit.

The Immigration and Naturalization Service first served Lin with a notice to appear for removal proceedings on October 24, 2001. Lin petitioned for political asylum, withholding of removal, and relief under CAT. After a hearing on January 7, 2004, the Immigration Judge denied the application on all grounds and ordered Lin's removal. Lin filed a timely appeal and the Board of Immigration Appeals affirmed.

## II.

We generally only review final orders of the Board when the Board issues a decision on the merits. *See Li v. Attorney General,* 400 F.3d 157, 162 (3d Cir.2005); *Abdulai v. Ashcroft,* 239 F.3d 542, 548–49 (3d Cir.2001). Where the Board adopts the reasoning of the IJ with some discussion of the bases for the IJ's decision, we also review the order of the IJ. *He Chun Chen v. Ashcroft,* 376 F.3d 215, 222 (3d Cir.2004). We use a substantial evidence standard to review factual findings, including credibility determinations, 8 U.S.C. § 1252(b)(4)(B); *Tarrawally v. Ashcroft,* 338 F.3d 180, 184 (3d Cir.2003), as well as findings of an applicant's past persecution or "well-founded fear of future persecution," *Gao v. Ashcroft,* 299 F.3d 266, 272 (3d Cir.2002).

Under the substantial evidence standard, findings are upheld if a reasonable fact finder could reach a similar conclusion based on the record. *INS v. Elias–Zacarias,* 502 U.S. 478, 481, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992). We will grant the petition for review only if the adverse credibility determinations are unsupported by the record or are based on mere conjecture. *Gao,* 299 F.3d at 272. Discrepancies in an applicant's testimony must involve the "heart of the asylum claim" to support an adverse credibility finding. *Id.*

## III.

An applicant for political asylum must demonstrate her refugee status by showing past persecution or a well-founded fear of future persecution. 8 U.S.C. § 1158(b)(1)(B); 8 U.S.C. 1101(a)(42)(A); *Gao,* 299 F.3d at 272. For the Attorney General to grant a withholding of removal order, an applicant must demonstrate by a "clear probability" that her life or freedom would be threatened in the proposed country of deportation. 8 U.S.C. § 1231(b)(3)(A); *INS v. Stevic,* 467 U.S. 407, 430, 104 S.Ct. 2489, 81 L.Ed.2d 321 (1984). An applicant for protection under the Convention Against Torture similarly has the burden to demonstrate "that it is more likely than not that he or she would be tortured if removed to the proposed country of removal." 8 C.F.R. § 208.16(c)(2). To support all three claims

for relief, the applicant must provide credible testimony and evidence. *Gao*, 299 F.3d at 272.

■ Here, the Board found no error in the IJ's conclusion that the applicant failed to provide credible testimony to support her claims. The Board cited the discrepancies between Lin's sworn airport statement, her "credible fear" interview, and her testimony at the hearing before the IJ. The Board noted Lin's failure to mention her forced abortion at the first two official interviews significantly undermined her credibility. Airport interviews are not necessarily "valid grounds upon which to base a finding that an applicant is not credible," *Dia v. Ashcroft*, 353 F.3d 228, 257 (3d Cir.2003) (quoting *Balasubramanrim v. INS*, 143 F.3d 157, 164 (3d Cir. 1998)), especially when the applicant has difficulty comprehending the questions, *Balasubramanrim*, 143 F.3d at 162. But here, Lin testified the airport interview was conducted in her native language, she understood the questions, and she did not challenge the interviewer's conduct or any of her own responses. *See He Chun Chen*, 376 F.3d at 224 (finding the "IJ and BIA reasonably relied on ... contradictory statements" made at the airport interview and before the IJ in determining the applicant lacked credibility). Accordingly, the IJ and the Board did not err in relying upon the airport statement to find material inconsistencies in Lin's statements.

■ Similarly, the record contains inconsistencies about the extent of Lin's Falun Gong involvement. In her second interview, Lin contended she practiced Falun Gong at her aunt's house for a three month period and she feared persecution on this basis if she returned to China. But at the IJ hearing, Lin admitted she did not know much about Falun Gong, she only went to her aunt's house "once in a while," and she had never

practiced Falun Gong after her arrival in the United States. These inconsistencies are sufficient to support the IJ's and the Board's adverse credibility determination.

We will not uphold the conclusions of the IJ or the Board if based on unsupported personal opinions. *See Dia*, 353 F.3d at 250. But here, the Board provided specific, cogent reasons to support an adverse credibility determination that went to the heart of Lin's claims for asylum. A reasonable fact finder would not necessarily reach an opposite conclusion.

### IV.

For the foregoing reasons, we will deny the petition and affirm the order of the Board.